## Samuel C. Browning et al. v. Edgar Howard.

*Judicial sales : Presumed to be under general laws and not under a private act : Protection of purchaser.* A purchaser at a judicial sale has a right to presume that it is conducted under the provisions of the public law; and if good according to that law, he will be protected, notwithstanding the existence of a private statute, authorizing the sale, of which he had no knowledge, and the provisions of which were not regarded.

*Heard October 21. Decided October 26.*

Error to Wayne Circuit.

Ejectment. The plaintiffs are the heirs at law of Francis P. Browning who died in November 1834; and they

bring this action for a tract of land of which their ancestor died seized. The defendant claimed under a sale made by John Clark, the administrator of Browning, in the year 1836. It was not denied that the sale was regular under the general statutes regulating sales by administrators. But a special act was passed (December 2, 1834), by the Legislative Council " to authorize John Clark, administrator of Francis P. Browning, deceased, to sell and convey the real estate of said Browning," in which it was provided that an inventory and an appraisal of the property should be made; that it should not be sold for an amount less than the appraisal; and that the Judge of Probate of Wayne County should endorse his consent to the sale upon the deed. The administrator's deed offered on the trial in support of defendant's title, not having endorsed on it the consent of the Judge of Probate to the sale, and the consideration named therein being less than the appraised value of the property conveyed, was objected to. The Court overruled the objection, and verdict and judgment were rendered for defendant. The record is now brought into this court by writ of error.

*D. C. Holbrook,* for plaintiffs in error.

*L. Bishop,* for defendant in error.

·COOLEY CH. J.

The Probate sale which is attacked in this case, it is conceded, would have been sufficient under the general law in force at the time the proceeding was taken, if that law was to govern it. It appears, however, that for some reason a special statute was procured, which authorized the administrator ·to sell under regulations somewhat different from those which the general law prescribed. Among other things the sale was not to be made for a less sum than the appraised value. The sale actually made appears not to have equaled the appraisal. It is contended on behalf

of the plaintiffs that the sale must be presumed to have been made under the special act. We think, however, that this presumption is not a just one. The special act was permissory, but did. not preclude following the general rule.

If, however, it had appeared in evidence that the administrator had attempted to sell under the special act, the sale, if sufficient under the general law, must still be sustained unless the purchaser was aware of the authority under which the proceedings were being taken. As a general rule, unquestionably, a party is bound to take notice of whatever constitutes the evidences of his title; but if a judicial sale is being made, which is apparently good under the public law, a party is not bound at his peril to know that it is being made, not under the public law, but under a private statute of which he may be wholly ignorant. He has a right to suppose the general rule is being applied, and he is therefore entitled to all the protection which that rule would give him. If the administrator in this case assumed to proceed under the special statute, it does not appear that the purchaser was aware of that fact; and the Circuit Judge was therefore right in his ruling, whatever view we might take of the point first mentioned.

Judgment affirmed.

The other Justices concurred.